**STATE of Rhode Island**

v.

Andrew HAMMOND.

No. 97–463–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1999.

David D. Prior, Aaron L. Weisman, Providence.

Paula Rosin, Providence.

**ORDER**

This case came before the Court on February 8, 1999 pursuant to an order directing the parties to appear and show cause why the issues raised in the defendant's appeal from a judgment of conviction on one count of second degree child molestation should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The defendant, Andrew Hammond (defendant) was charged in a Washington County Criminal Information with one count of second degree sexual assault child molestation. The defendant's daughter was the alleged victim of the sexual assault, which was alleged to have occurred between September 1, 1994 and December 31, 1994. After jury trial, a Superior Court jury returned a guilty verdict on January 27, 1997. The defendant's motion for new trial was denied on February 7, 1997 and, on March 27, 1997, he was sentenced to a term of twenty years, four years of which to serve, sixteen of which were suspended, and the defendant was placed on probation for sixteen years, the probation to commence upon his release from prison.

During the course of trial, the prosecutor attempted to elicit testimony from the defendant's daughter about an incident during which the defendant had touched his daughter while assisting her during a bath. The prosecutor asked the daughter if her father had ever touched her in her private area other than at her grandmother's house where the charged incident of sexual assault had occurred. The defendant's daughter answered in the affirmative. The defendant objected and that objection was sustained. The trial justice then conducted a voir dire outside of the hearing of the jury to determine what the other incident was. When it was determined that the other incident was an innocent touching, the trial justice determined that that incident indeed was not relevant and then, when the jury returned, immediately instructed the jury that they were

only to consider the evidence in connection to the single charged incident occurring between September 1 and December 31, 1994 in the cellar at the grandmother's house. She instructed the jury specifically that

> "this evidence referring to alleged bad acts other than the cellar incident is insufficient as a matter of law to sustain a conviction for unlawful sexual contact. Accordingly, I instruct you at this point to disregard that evidence. You are to confine your consideration of this case to the evidence connected with the cellar incident in accordance with the law, as I will instruct you shortly."

Thereafter, during his closing argument, the prosecutor told the jury that "[y]ou also had the opportunity to hear more about [the defendant's daughter's] background, that she had difficulty in a wide variety of areas. She was a troubled child and had behavioral problems at school. Why do you think that is? Cause that guy is molesting her." The defendant objected to the prosecutor's statement on the basis that it implied that the defendant had molested his daughter on more than one occasion. The trial justice overruled that objection.

After closing arguments, during her instructions to the jury, the trial justice again told the jury that "[a]ny evidence suggestive of other bad acts by the defendant must be entirely disregarded and cannot be considered by you in any way in arriving at a verdict."

The jury thereafter returned a guilty verdict. In denying the defendant's motion for new trial, the trial justice stated that

> "I believe, therefore, that [the defendant's daughter's] testimony notwithstanding reference to the weight that she should be given the extent to which it was the product of a refreshed recollection, nonetheless *sufficient* considering all evidence in the case to convict the defendant beyond a reasonable doubt of second degree child molestation, sexual

assault. The jury could have found beyond a reasonable doubt that the defendant touched his daughter in the vaginal area over her clothing for his sexual arousal or gratification as evidenced by the duration and nature of the touching, the way that he pulled her pants down and his statements warning her not to tell or that the sexual contact was intended by him as an assault given the fact that the touching was for a prolonged five minute period of time and hurt."

The defendant now claims that the trial justice erred in not sustaining his objection to the reference in the prosecutor's closing argument to other acts of molestation and that, as a result, the jury's verdict was impermissibly tainted. He further argues, relying on *State v. Brown*, 586 A.2d 1085 (R.I.1991), that the trial justice erred in denying his new trial motion since the evidence was insufficient to sustain the verdict. We disagree with both claims of error.

During the trial testimony of the defendant's daughter when the prosecutor alluded to other bad acts, the trial justice, at that time, specifically instructed the jury that they were not to consider such evidence. Then, after the prosecutor's comment during closing arguments, the trial justice instructed the jury during her final instructions that they were not to consider evidence of other bad acts. We conclude that the trial justice's final instructions were more than sufficient to prevent the jury from considering any evidence of other bad acts by the defendant. Since the jury is presumed to follow a trial justice's instructions, *State v. LaRoche*, 683 A.2d 989 (R.I.1996), there is no basis on which the defendant can now claim that the jury's verdict was adversely affected by the prosecutor's statement.

We likewise conclude that there was more than sufficient evidence on which the trial justice could base her decision to deny the defendant's motion for new trial. The

facts of this case are entirely distinguishable from the fact in *Brown.* Here, as the trial justice pointed out during her ruling on the new trial motion, the defendant first pulled down his daughter's pants and then pulled her leg up. Then he put his hand between his daughter's legs for approximately five minutes, long enough that the touch hurt. Furthermore, the defendant then threatened his daughter by telling her not tell anyone or she would "really get it if she did tell." Thus, unlike *Brown* where there was only a brief ambiguous outside-of-clothing touching unaccompanied by threats, the touching at issue here occurred after the defendant had intentionally removed his daughter's pants and lifted her legs, was five minutes in duration and was strong enough to hurt, and was followed by a threat to the well-being of his daughter. There was no ambiguity in the facts as presented here.

Furthermore, the trial justice concluded that the jury's verdict was well supported by the evidence and that she personally believed that the credible testimony of the defendant's daughter was sufficient to convict the defendant beyond a reasonable doubt. Such statements, when made by a trial justice on a new trial motion, are entitled to great weight.

Accordingly, for all the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed. The papers in this case are remanded to the Superior Court.